UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

ABRAM HERNANDEZ MEDINA (A-Number: 221-166-805),

Plaintiff,

v.

WARDEN OF CENTRAL VALLEY ANNEX DETENTION FACILITY,

Defendant.

No. 1:26-cv-08194-KES-EGC (HC)

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND REQUIRING BOND HEARING WITHIN TEN (10) DAYS

Doc. 1

Petitioner Abram Hernandez Medina is an immigration detainee proceeding pro se with a petition for writ of habeas corpus and a motion for temporary restraining order. Docs. 1, 4. Petitioner is a Mexican citizen who entered the United States on October 5, 2024. Doc. 1 at 12. Petitioner was briefly detained by immigration authorities before being released under the Alternative to Detention (ATD) program. *Id.* at 12; Doc. 4 at 56. Petitioner was re-detained on February 18, 2026 at an ICE check-in. Doc. 1 at 2, 19-20.

Petitioner previously filed a petition for writ of habeas corpus that was granted by the court. *See Hernandez Medina v. Cruz et al.*, No. 1:26-cv-02007-KES-EGC (HC), Doc. 14. On April 11, 2026, the court ordered respondents to provide petitioner "with a bond hearing before a neutral decisionmaker within fourteen (14) days of the date of [the] Order." *Id.* at 3. The order stated: "At that bond hearing, it is the government's burden to demonstrate that petitioner is a

flight risk or danger to the community by clear and convincing evidence." *Id.* at 3. The court liberally construes petitioner's new pro se petition as a motion to enforce the court's prior order.

Respondents provided petitioner with a bond hearing before an immigration judge on April 23, 2026, Doc. 10 at 4-5, but that hearing did not comply with the court's April 11, 2026 order, which required that the *government* bear the burden to demonstrate that petitioner was a flight risk or danger by clear and convincing evidence. Respondents' records reveal that in the immigration proceedings the government placed the burden on petitioner to establish that he was not a flight risk or danger. After the immigration judge denied bond, petitioner appealed the decision to the Board of Immigration Appeals ("BIA"). *Id.* at 4–9. The BIA affirmed, noting: "we agree with the Immigration Judge's determination that the respondent has not established that he is not a danger to the community."[1] *Id.* at 13.

The court's April 11, 2026, order required the government to bear the burden of establishing by clear and convincing evidence that petitioner was a flight risk or danger such that his continued detention was warranted. *See Hernandez Medina v. Cruz et al.*, No. 1:26-cv-02007-KES-EGC (HC), Doc. 14 at 3. As the immigration judge failed to hold the government to this burden, the immigration judge did not hold the required bond hearing as ordered by this court.

Accordingly, the petition for writ of habeas corpus is GRANTED. Respondents are ORDERED to provide petitioner Abram Hernandez Medina (A-Number: 221-166-805) with a bond hearing before a neutral decisionmaker within ten (10) days of the date of this Order. Respondents shall immediately provide petitioner with a copy of this Order and shall provide him with 72 hours' notice before the bond hearing in a language that he can understand. **At that bond hearing, it is respondents' burden to demonstrate that petitioner is a flight risk or danger to the community by clear and convincing evidence.**

Petitioner may be represented by an attorney at this hearing, and respondents may extend the deadline at petitioner's request so that he can obtain an attorney. If petitioner obtains an attorney, his attorney shall also be given 72 hours' notice before the bond hearing. The neutral

[1] The BIA declined to address the immigration judge's ruling regarding risk of flight. *See* Doc. 10 at 14.

decisionmaker must consider petitioner's financial circumstances in setting the amount of bond and alternative conditions of release in lieu of detention without bond. If respondents do not provide petitioner with a bond hearing within ten (10) days as required by this Order, then respondents must release him.

The Clerk of Court is directed to close this case, terminate any pending motions as moot, and enter judgment for petitioner. The Clerk is directed to serve Central Valley Annex with a copy of this Order.

IT IS SO ORDERED.

Dated: October 26, 2026

UNITED STATES DISTRICT JUDGE